IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven Michael Smith, | ) | C/A No. 5:25-13546-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Deputy Zachariah Parhant; Sheriff Leroy Ravenell, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Steven Michael Smith, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A. By order dated March 4, 2026, the court granted Plaintiff the opportunity to file an amended complaint to correct deficiencies subjecting the Complaint to summary dismissal. (ECF No. 13.) Plaintiff did not file a full amended complaint but instead responded with a letter containing additional details about his case. (See ECF No. 17.) Having reviewed the Complaint and Plaintiff's letter in accordance with applicable law, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

## I.    Procedural Background

Plaintiff is a pretrial detainee at Orangeburg-Calhoun Regional Detention Center. Plaintiff expressly brings this action pursuant to 42 U.S.C. § 1983, alleging that he was searched and seized without probable cause, has suffered defamation of character, and has been subjected to excessive force and an unreasonable bond.

Plaintiff's allegations concern an incident that occurred in September 2025, one month prior to his October 2025 arrest. Plaintiff indicates that deputies came to his house on September

24, 2025 to serve an arrest warrant for domestic violence and that nobody was home except Plaintiff's six dogs.  He alleges that Deputy Parhant then sought a search warrant "on the grounds that [Plaintiff had] barricaded [his] house and refused to come out."  (ECF No. 17 at 1.)  Plaintiff alleges that when the warrant was executed, nobody was in the house, but that the deputies who executed the warrant threw aerosol grenades through every window, "breach[ed]" the front door, and "destroyed the home to the point where it is unlivable."  (ECF No. 1-1 at 1.)  He further claims that the house was left open and was later burglarized and that his dogs were seized.

Plaintiff alleges that Sheriff Ravenell defamed his character and misled the public by falsely stating during a news conference that deputies were called to Plaintiff's house for a welfare check and ended up in a six-hour standoff.  He seeks monetary damages to compensate for the damage to his home, the seizure of his dogs, and the resulting mental anguish.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).

In connection with this initial review, § 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  Also, as part of its initial review of a *pro se* prisoner complaint, the court must identify *cognizable* claims.  28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  In construing a *pro se* pleading, the court should examine the context of the allegations to identify whether the thrust of the complaint points to an "essential grievance."  Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026).  And "when a pro se action implicates a civil rights interest, courts must pay careful attention."  Id. at 649 (citing Shaw v. Foreman, 59 F.4th 121, 127 (4th Cir. 2023)).  "That means interpreting pro se pleadings 'to raise the strongest arguments that they suggest.' "  Id. (quoting Martin v. Duffy, 977 F.3d 294, 298 (4th Cir. 2020)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  While the court is charged with liberally construing *pro se* pleadings, it should

not act as a legal advocate for *pro se* litigants.  <u>Jackson</u>, 171 F.4th at 650.  Nor must it conjure up every claim imaginable from the plaintiff's factual allegations or scour pleadings for stray phrases or sentence fragments for additional claims beyond those fairly indicated by the plaintiff's essential grievance.  <u>See</u> <u>id.</u> at 645, 650.

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  While Plaintiff claims he brings this suit pursuant to § 1983, he does not identify a statutory or constitutional right that he feels was violated.  Therefore, in accordance with the court's duty to liberally construe *pro se* complaints, <u>see</u> <u>Erickson</u>, 551 U.S. at 94, the court construes Plaintiff's Complaint as alleging violations of Plaintiff's Fourth and Fourteenth Amendment rights.

The Complaint alleges both that the search warrant for his home, which was sought by Deputy Parham, was not supported by probable cause and that officers used excessive force in executing the warrant.

"Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or . . . in 'objective good faith.' " <u>Messerschmidt v. Millender</u>, 565 U.S. 535, 546 (2012) (quoting <u>United States v. Leon</u>, 468 U.S. 897, 922-23 (1984)).  However, "an officer contravenes the Fourth Amendment when he procures

a search warrant through the use of false statements, whereby a magistrate would not have otherwise found probable cause." Unus v. Kane, 565 F.3d 103, 124 (4th Cir. 2009) (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)).  To run afoul of the constitution, the officer's false statement must be made "deliberately" or with "reckless disregard for the truth."  Miller v. Prince George's County, Md., 475 F.3d 621, 627 (4th Cir. 2007).

> Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of [a statement's] probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.

Id.

Here, Plaintiff alleges that Deputy Parhant "made false allegations to secure a search warrant."  (ECF No. 1 at 4.)  He further explains that Deputy Parhant sought a search warrant "on the grounds that [Plaintiff had] barricaded [his] house and refused to come out."  (ECF No. 17 at 1.)  Regarding the circumstances preceding Deputy Parhant's request for a search warrant, Plaintiff alleges that deputies came to his house to serve an arrest warrant for domestic violence, then falsely claimed that they were there for a welfare check and that Plaintiff released his dogs on them.  (Id.)  Liberally construing Plaintiff's allegations, the court discerns that the allegedly false statement supporting the affidavit was Deputy Parhant's representation that Plaintiff had barricaded himself in the house.  Plaintiff states that nobody was in the house when deputies arrived to serve the arrest warrant but does not explain how Deputy Parhant would have known that to such a degree of certainty that his representation otherwise would be made with reckless disregard for the truth. Nor do the scant facts provided by Plaintiff plausibly show that such a misrepresentation would

have been material to the magistrate's finding of probable cause.[1]  For example, Plaintiff does not allege facts related to the scope of the search warrant.  Plaintiff thus fails to plausibly allege that Deputy Parhant violated Plaintiff's Fourth Amendment rights.

To the extent Plaintiff brings a claim of excessive force, Plaintiff fails to allege that the named defendants were personally involved in the execution of the search warrant and the use of force that forms the basis of this claim.  See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.  The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).  Because Plaintiff does not explain how the named defendants were involved in the purported violation of Plaintiff's rights, Plaintiff fails to meet the federal pleading standards.  See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

---

[1] Notably, Plaintiff does not specifically challenge the validity of the arrest warrant that started this chain of events.  One month after the search of his home, Plaintiff was arrested for second-degree domestic violence, domestic violence of a high and aggravated nature, and kidnapping.  See Case Nos. 2023A3810701042, 2025A3810701065, 2025A3810701066, https://publicindex.sccourts.org/Orangeburg/PublicIndex/PISearch.aspx; see also Fusaro v. Cogan, 930 F.3d 241 n.1 (4th Cir. 2019) (the court may take judicial notice of a plaintiff's state court records); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989) (same). While Plaintiff alleges that the search did not yield evidence and thus is not related to his pending charges, he admits that Deputy Parhant sought the search warrant after a failed attempt to serve an arrest warrant for domestic violence.

To the extent Plaintiff's allegations that officers damaged his property could be construed as falling under the Fourteenth Amendment's Due Process Clause, that claim is also subject to summary dismissal.  Negligent or intentional deprivations of personal property by state officials are not a federal due process violation where the state provides post-deprivation procedures to secure the return of property or compensate for the loss.  See Hudson v. Palmer, 468 U.S. 517, 530-536 (1984) (holding that deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); Mora v. City of Gaithersburg, Md., 519 F.3d 216, 230-31 (4th Cir. 2008) (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate).  South Carolina provides such a remedy under the S.C. Tort Claims Act.  See Mitchell v. S.C. All ETC., C/A No. 3:12-1714-CMC-PJG, 2012 WL 5473097 (D.S.C. Oct. 23, 2012).  As Plaintiff does not allege that the State has refused to provide a suitable post-deprivation remedy, he fails to allege a plausible Fourteenth Amendment claim.

Finally, Plaintiff alleges that Sheriff Ravenell falsely reported on the news that deputies had come to the house for a welfare check and had been engaged in a six-hour standoff.  He claims that Sheriff Ravenell thus "defamed [his] character."  (ECF No. 17 at 1-2.)  Plaintiff's allegations of defamation are not actionable under § 1983.  See DeShaney v. Winnebago Cnty. Dep't of Soc. Serv., 489 U.S. 189, 200-03 (1989) (providing that allegations of defamation, slander, and libel fail to state a cognizable claim under § 1983).  Accordingly, the only remaining claim would be a state law cause of action for defamation against Sheriff Ravenell.  As all federal causes of action have been recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim.  See 28 U.S.C. § 1367(c)(3); see also

United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

**III.     Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

May 27, 2026                                  Paige J. Gossett
Columbia, South Carolina                      UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).